## Knappenberger v. Feldman

*Martin H. Philip*, for plaintiff.

*Butz, Hudders, Tallman & Rupp*, for defendant.

BARTHOLD, P. J., February 13, 1956.—Plaintiff instituted an action in trespass against defendant-physician by issuing a summons. Thereafter plaintiff's counsel served notice on defendant's counsel that he desired to take the oral depositions of defendant in accordance with the provisions of Pa. R. C. P. 4007. The notice stated: "The scope of the oral depositions will encompass the defendant's knowledge of all medical treatment afforded the plaintiff from the time the plaintiff became the defendant's patient . . ., to the

present time, it being the purpose of the oral examination to aid the plaintiff in the preparation of a complaint to be filed in this action. It is respectfully requested that the defendant bring with him and produce all his records concerning the treatment afforded the plaintiff in his office and also give the information relevant to this action."

Defendant filed a motion for a protective order under Pa. R. C. P. 4012(a), requesting the court to enter an order prohibiting the taking of oral depositions. In support of the motion defendant assigned the following reasons: (1) That "the information sought will not substantially aid the plaintiff in the preparation of his pleadings"; (2) that "the taking thereof will cause unreasonable annoyance and oppression to the defendant"; (3) that "the purpose to be accomplished is to conduct a 'fishing expedition' "; (4) that "plaintiff, if he be entitled to the information sought, be compelled to employ written interrogatories . . . without the annoyance and oppression to the defendant necessarily concomitant with the taking of oral depositions"; (5) that "plaintiff, if he be permitted to take oral depositions, be compelled to take them before an Official Court Stenographer"; (6) that "plaintiff, if he be permitted to take oral depositions, be limited to treatment afforded the plaintiff by the defendant, without any inquiry into diagnosis, prognosis, or other matters involving the exercise of the defendant's opinion in the treatment of the plaintiff"; (7) that the records of defendant sought to be examined are personal and confidential notes made by a physician for his own guidance in treating a patient, that "such records are irrelevant and . . . will not substantially aid plaintiff in the preparation of his complaint", and are "sought in bad faith and will cause to defendant unreasonable annoyance, embarrassment and oppression"; (8) that plaintiff's request for an examination

of defendant's records concerning treatment of plaintiff is not in compliance with Pa. R. C. P. 4009.

Plaintiff's answer to defendant's motion for a protective order sets forth the following facts: Plaintiff was a patient of defendant-physician for a short time prior to April 25, 1955. On April 25, 1955, plaintiff visited defendant's office for treatment. In treating plaintiff defendant placed wires around plaintiff's ankles and waist and pads on plaintiff's back. Defendant placed the apparatus in position on plaintiff's body and then left plaintiff alone while defendant attended to other patients. When defendant returned he removed the apparatus and told plaintiff to dress and go home. While undergoing this treatment plaintiff felt no pain or unusual sensation. However, when driving home plaintiff began to feel pain in his back and collapsed while walking from his automobile to his home. It subsequently developed that plaintiff had been severely burned.

The proceedings involve plaintiff's right to take oral depositions under Pa. R. C. P. 4007 and the limitations to be imposed under Pa. R. C. P. 4011.

Pa. R. C. P. 4007(a) states: "Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject-matter involved in the action and *will substantially aid in the preparation of the pleadings or the preparation or trial of the case."* (Italics supplied.)

Pa. R. C. P. 4011 states: "No discovery or inspection shall be permitted which (a) is sought in bad faith; (b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person

or party; (c) relates to matter which is privileged or would require the disclosure of any secret process, development or research; (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or (e) would require the making of an unreasonable investigation by the deponent or any party or witness."

It is impossible to state categorically the possible limits of discovery under the foregoing rules. The exercise of independent judgment by the judge is required in each case.

"The inability to state the boundaries of discovery with mathematical accuracy does not mean that there are no boundaries and that there are no rules. Subdivision (a) makes it clear that if certain testimony will substantially aid the inquirer in preparing or proving his case, and if that testimony is relevant, not privileged and does not violate any of the provisions of Rule 4011, the court is not to refuse discovery because the testimony is not 'necessary to the proof of a prima facie claim or defense', and the court is not to refuse discovery because the inquiry may lead into the details of the claim or defense of the opponent.

"Subdivision (a), and all the other 1954 amendments, must be liberally interpreted to give effect to the reason and purpose of the promulgation of the amendments. Further, they must be so interpreted as to bear equally and fairly on both plaintiffs and defendants. The pre-existing discrimination against discovery by defendants must be eliminated": 4 Goodrich-Amram Procedural Rules Service §4007(a)-27, pp. 142-43.

We have hereinabove set forth the salient facts upon which plaintiff's action is based. The action involves defendant's skill in his profession and the use of his skill in the diagnosis and treatment of plaintiff's ailment. Defendant's diagnosis and treatment of plaintiff are the very heart of plaintiff's case. Treatment was given by medical apparatus. The nature of the treatment as well as the nature of the medical apparatus used are beyond the knowledge and understanding of plaintiff. The material facts concerning diagnosis and treatment are almost exclusively within the knowledge of defendant-physician. Manifestly, in these circumstances the case presents a situation where discovery in aid of pleadings is essential. It is the type of discovery which Pa. R. C. P. 4007(a) was designed to authorize.

The requested discovery meets the requirement of relevancy as well as the requirement of substantial aid in the preparation of pleadings. This conclusion is inescapable in light of the law governing the duties which devolve upon a physician in his relations with his patient. A physician or surgeon in the treatment of a patient is under a duty to use reasonable skill and diligence, and reasonable skill is that degree of skill which ordinarily characterizes the profession. A departure from established standards of practice, unless justified by circumstances, may constitute a prima facie case of malpractice. Malpractice consists of a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon him on account of his relations with his patients, or of a want of proper care and skill in the performance of a professional act. A physician or surgeon is not liable for a mistake in diagnosis where the symptoms are obscure, but is liable if he does not use the approved tests in order to arrive at such diagnosis: Hodgson et al. v. Bigelow, 335 Pa. 497.

The requested discovery does not relate to matter which is privileged. Under the Act of June 7, 1907, P. L. 462, 28 PS §328, a physician or surgeon may not disclose, in any civil case, information acquired while attending a patient in a professional capacity and necessary for him to act in that capacity which tends to blacken the character of the patient, *without consent of said patient, except in civil cases brought by such patient for damages on account of personal injuries.* In the instant case the patient has instituted a civil suit against the physician and the patient himself has asked for the information. Defendant, therefore, is not in a position to assert that the requested information is privileged.

The discovery sought is not a "fishing expedition", nor is plaintiff seeking a transcript for the trial from the adversary. The requested information forms the very basis of the controversy between the parties.

We recognize that defendant is a professional man and that discovery by oral depositions will cause him some annoyance, embarrassment and expense, but mere annoyance is not enough, it must be "unreasonable annoyance": Pa. R. C. P. 4011(b). "No discovery or inspection is possible without some person being annoyed, embarrassed, oppressed or caused expense. It may be the witness himself, it may be the party whose side he represents, or it may be a third person who will indirectly become involved. The testimony to be adduced could conceivably embarrass all three classes of persons simultaneously. What the language means is that the mere existence of some annoyance, embarrassment or oppression, or the mere imposition of some expense is not ground to forbid discovery or inspection": 4 Goodrich-Amram Procedural Rules Service sec. 4011(b)-1, pp. 204-05.

What plaintiff here seeks does not involve unreasonable annoyance within the meaning of Pa. R. C. P.

4011(b). See Abrams et al. v. Lapidus, 2 D. & C. 2d 66, where it was held that defendant was entitled to take the deposition of plaintiff's physician in order to aid in the preparation of his case for trial even though plaintiff had answered defendant's interrogatories with respect to the nature and extent of plaintiff's disability, the names of plaintiff's physicians and the cost of treatment and at the same time had forwarded to defendant's counsel the report of plaintiff's physician setting forth the date of each treatment, the amount of his charges, and a detailed diagnosis, and even though defendant had the right under Pa. R. C. P. 4010, to a physical examination of plaintiff by a physician of defendant's choice: Drawbaugh, Admrx., v. Penna. Power & Light Co., 84 D. & C. 209; Dorfman v. Phila. Transportation Co. et al., 79 D. & C. 380.

Defendant's contention, that if discovery is permitted at all it should be restricted to discovery by written interrogatories, is without merit. In the case before us written interrogatories are inadequate in comparison to testimony by the witness in person. "Oral examination bears at least some resemblance to the actual interrogation of a witness on the stand; the stilted, formal, artificial phraseology of interrogatories and cross-interrogatories bears no semblance of reality. . . . Very few situations will arise today where sound reasons can be advanced for preferring written interrogatories and cross-interrogatories to the oral examination of witnesses. . . . By carrying out the liberal intent of these Rules . . ., and by making the oral examination the rule and the written interrogatories the exception, the courts will effect a substantial improvement in the administration of justice in this field": 4 Goodrich-Amram Standard Pennsylvania Practice Procedural Rules Service sec. 4003(a)-6, pp, 29, 30, 31.

Pa. R. C. P. 4007 gives plaintiff the right to proceed

by either method. The rules provide no standard to assist the court in determining when the situation is appropriate for oral examination. It is, therefore, incumbent upon the court to select the most effective method of recording the testimony.

It is our considered judgment that, consistent with fair treatment of both parties, oral depositions will provide the most effective method of recording the testimony of defendant-physician. Because of the highly technical nature of the matter involved, written interrogatories might well be an improper vehicle for ascertaining the facts. As each set of interrogatories is answered, the answers may suggest to plaintiff's counsel new questions which should have been propounded in the first instance but were not asked because of plaintiff's ignorance of medical matters.

Defendant's final contention is that defendant should not be required to produce all his records concerning the treatment afforded plaintiff because plaintiff has not followed the procedure set forth in Pa. R. C. P. 4009. This is a tenuous objection when considered in light of the provisions of the rule in question. Rule 4009 states: "Subject to limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may (1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control." While plaintiff has not filed a formal motion requesting the production of defendant's records, plaintiff has asked "that the defendant bring with him and produce all his records concerning the treatment afforded the plaintiff. . . ."

Plaintiff has stated that the request was made in order that defendant's records would be available to him in testifying and that this was plaintiff's only

intention. Under the circumstances we deem it improper to compel plaintiff to institute another proceeding under Pa. R. C. P. 4009. There is no need to visit upon defendant-physician the annoyance of an additional proceeding for the production of records which in all probability he will require in giving oral testimony.

We are mindful of the fact that the new rules do not mean that there is now unlimited scope of discovery in Pennsylvania. "Substantial aid" is a limiting phrase and must be so interpreted. After a careful analysis of the facts bearing upon the nature of plaintiff's suit and the law applicable thereto, we conclude that plaintiff should be permitted to obtain from defendant, by oral deposition, full information concerning defendant's diagnosis and medical treatment of his patient, plaintiff, in the instant case.

*Order*

And now, February 13, 1956, leave is granted plaintiff to take the oral depositions of defendant, Dr. Arthur L. Feldman, within the limitations set by this opinion. Time and place of the taking of such depositions to be arranged between counsel.